```
IN THE DISTRICT COURT OF THE UNITED STATES
     FOR THE DISTRICT OF SOUTH CAROLINA
           ANDERSON/GREENWOOD DIVISION
```

| | |
|---|---|
| Rodney Glynn Hicks,<br>formerly #300586,<br>　　　　　　　Plaintiff,<br><br>v.<br><br><br>Southern Health Partners; Sheriff Mike<br>Hunt; Captain Charles Barranco and<br>Cathy Brown, Head Nurse at Aiken<br>Co. Detention Center,<br><br>　　　　　　　Defendants. | Civil Action No. 8:08-3940-CMC-BHH<br><br>**Report and Recommendation<br>　of Magistrate Judge** |

　　　　The plaintiff, proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on two motions for summary judgment of the defendants. [Docs. 23, 41.] The plaintiff has only filed one response, in spite of the Court's request for another. [Docs. 43, 45.]

　　　　Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

## BACKGROUND

At the time of the filing of this lawsuit, the plaintiff was a detainee at the Aiken County Detention Center. It is undisputed that, on September 22, 2008, the plaintiff fell down a set of stairs at the detention center. (Compl. at 3; Brown Aff. ¶ 7-8.) The plaintiff was thereafter taken to the hospital. (Brown Aff. ¶ 8.) He was x-rayed and a CAT scan was performed. It is further undisputed that the plaintiff was given two prescriptions at the that time. *Id.* ¶ 9.

The plaintiff contends that as a result of the fall he has constant headaches, his right side goes numb, his back has sharp pains, his neck cracks, and there is a knot on his right wrist. (Compl. at 3.) He contends that he has made numerous requests for treatment but has been ignored. He also contends that he has not been given his prescribed medications or been allowed to see medical specialists for his injuries.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail,

it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A pro se complaint, "can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (U.S. 1976). A court may not construct the petitioner's legal arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**SUMMARY JUDGMENT STANDARD**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and

ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If

> the adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

### I.    **Deliberate Indifference**

The plaintiff alleges that the defendants have refused to give him prescribed medications or to send him to necessary medical specialists. The defendants all contend that they are entitled to summary judgment because the plaintiff has failed to establish they were deliberately indifferent to these concerns. The undersigned agrees.

The Eighth and Fourteenth Amendments[1] require the government "to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). This obligation arises from an inmate's complete dependence upon prison medical staff to provide essential medical service. *Id.* The duty to attend to prisoners' medical needs, however, does not presuppose "that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

---

[1] The court notes that the plaintiff was a pretrial detainee at the time of the alleged constitutional violations. Medical claims of a pretrial detainee are governed by the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment. *See City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239 (1983). However, the inquiry as to whether a pretrial detainee's rights were violated under the Fourteenth Amendment is the same as that for a convicted prisoner under the Eighth Amendment (deliberate indifference to a serious medical need). *See Martin v. Gentile*, 849 F.2d 863, 871 (4th Cir.1988) (citing *Estelle*, 429 U.S. 97).

Amendment." *Id.* at 105. Instead, it is only when prison officials have exhibited "deliberate indifference" to a prisoner's "serious medical needs" that the Eighth Amendment is offended. *Id.* at 104.

Deliberate indifference is a very high standard. In *Miltier v. Beorn,* 896 F.2d 848 (4th Cir. 1990), the Fourth Circuit Court of Appeals noted that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness, nevertheless, mere negligence or malpractice does not violate the Eighth Amendment." *Id*. at 851. Unless medical needs were serious or life threatening, and the defendant was deliberately and intentionally indifferent to those needs of which he was aware at the time, the plaintiff may not prevail. *See Estelle*, 429 U.S. at 104; *Sosebee v. Murphy*, 797 F.2d 179 (4th Cir. 1986). "A medical need is 'serious' if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention' or if denial of or a delay in treatment causes the inmate 'to suffer a life-long handicap or permanent loss.'" *Coppage v. Mann*, 906 F. Supp. 1025, 1037 (E.D. Va. 1995) (quoting *Monmouth Co. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

As an initial matter, the plaintiff has made essentially no effort to prosecute his claims. The Court is greatly aware of the difficulty *pro se* litigants have in building their case, both as an evidentiary and legal matter. The plaintiff, however, has only submitted one paragraph in response to two motions for summary judgment. That response was
6

delayed [Doc. 36, 38] and the Court has twice now attempted to solicit additional response [Docs. 43, 45] from the plaintiff, without success.  The plaintiff's short response is conclusory in nature and was not submitted with any evidence and does not direct the Court to any specific citation in the defendants' evidence.  Moreover, as far as the Court can tell, the plaintiff is not in any detention center and, therefore, does not suffer the typical difficulties incarceration poses to pursuit of a legal case.  Even still, the Court has done its best to liberally construe the filings and to thoroughly examine whether a colorable claim exists.  The Court easily concludes that none does.

The undisputed evidence of record shows that after the plaintiff's fall he was immediately transported by EMS to the hospital where he was x-rayed and where a CAT scan was performed.  (Brown Aff. ¶ ¶ 7, 8.) There was no indifference to the fall.  The plaintiff contends, however, that he was prescribed two medications that the defendants subsequently refused to fill.  The defendants have submitted evidence that one of the two prescriptions was actually filled and given to the plaintiff and that the other was a narcotic, which is not allowed in the detention center.  (Brown Aff. ¶ 9.)  In lieu of the narcotic, the plaintiff was given 800 mg of ibuprofen.  *Id.*  To this evidence, the plaintiff has made no response.

The plaintiff also contends that his requests for medical attention were repeatedly denied.  He claims that he was only seen on 4 occasions out of 15 requests.  The defendants agree that the plaintiff was seen at least four times.  (Brown Aff. ¶ 11, Ex. A.) The defendants also submit evidence that as a result of the plaintiff's repeated

7

complaints regarding headaches and back spasms, his medication was changed in regards to his panic attacks and continued as to the original prescription given at the hospital. (Brown Aff. ¶ 12.)

The plaintiff summarily argues that he needs to see a specialist in neurology and orthopedics. The Court is not unsympathetic. It sounds as though the plaintiff suffered a serious fall and subsequent injuries. But the Court cannot simply find for the plaintiff based on the handful of allegations he has made. The defendants have not ignored the plaintiff. The plaintiff was taken to the hospital, seen on occasions thereafter, and given various medications. The fact that the plaintiff would like some other type of treatment is simply not relevant. Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee a prisoner receive the treatment of his choice. *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). The type and amount of medical care is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer*, 528 F.2d 318, 319 (4th Cir. 1975) ("The affidavits submitted to the District Court reflect that Russell was under constant medical supervision from the time of his arrival at Botetourt. Questions of medical judgment are not subject to judicial review.").

The plaintiff complains of headaches and pain but he has not put forward any evidence that any alleged indifference has resulted in additional injury or pain. As

stated, it appears that the plaintiff is not in any detention center or prison. He was free to accumulate any medical opinions regarding his condition and what treatment should have been provided. He has offered no such evidence.

The defendants have submitted significant evidence of treatment and attention. There is certainly no evidence that a lack of treatment has caused the plaintiff "'to suffer a life-long handicap or permanent loss.'" *Coppage*, 906 F. Supp. at 1037 (quoting *Lanzaro*, 834 F.2d at 347 (3d Cir. 1987)). The plaintiff may have preferred more attention or of a different kind. But, he has made no effort to demonstrate his entitlement to it.

The Court would recommend that the plaintiff's claim for deliberate indifference, therefore, be dismissed.

## II. Defendant Southern Health Partner

The plaintiff also makes a cursory accusation in his Complaint that defendant Southern Health Partners are the service providers for the detention center and that they could have handled his situation in a more "proper and professional manner." (Compl. at 4.) He alleges that their guidelines are "cruel and unusual." *Id*. The Court mentions these allegations only for the sake of thoroughness. Even if these allegations could constitute a colorable claim, which they do not, the plaintiff has not put forward any evidence or argument on summary judgment as to how the defendant's guidelines were cruel and unusual or how it otherwise acted improperly or unprofessionally. There is nothing for the Court to consider in this regard.

The claim, of whatever kind, should be dismissed.

## **CONCLUSION**

Wherefore, based on the foregoing, it is RECOMMENDED that the defendants' motions for summary judgment [Doc. 23, 41] should be GRANTED.

IT IS SO RECOMMENDED.

S/Bruce Howe Hendricks
United States Magistrate Judge

August 4, 2009
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).